WENDY S. GERBOTH
Attorney At Law
California Bar No. 167687
964 Fifth Avenue, Suite 214
San Diego, California 92101
Telephone: (619) 699-5969
Facsimile: (619) 699-5967

wendysgerboth@hotmail.com

Attorney for Defendant Christopher Espinoza

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE JOHN A. HOUSTON)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No. 10-CR-2153-JAH |
| ) | |
| Plaintiff, ) | Date: July 19, 2010 |
| ) | Time: 10:30 a.m. |
| v. ) | |
| ) | STATEMENT OF FACTS AND |
| CHRISTOPHER ESPINOZA, ) | MEMORANDUM OF POINTS |
| ) | AND AUTHORITIES IN SUPPORT |
| Defendant. ) | OF DEFENDANT'S PRETRIAL MOTIONS |
| ) | |

**I.**

**STATEMENT OF FACTS**[1]

Christopher Espinoz is charged in a four count indictment with co-defendant Jorge Samame with conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846 and conspiracy to launder monetary instruments in violation of 18 U.S.C. 1956(h). Mr. Espinoza has entered a not guilty plea.

---

[1] This statement of facts is based on discovery provided by the government. Mr. Espinoza reserves the right to contradict, explain, and/or supplement this statement of facts at any future pre-trial proceedings and at trial, based on additional discovery and on pre-trial investigation.

1 | The indictment alleges that beginning at an unknown date and
2 | continuing through 2010, Christopher Espinoza conspired to distribute
3 | oxycontin and money launder.  The case arises out of an investigation
4 | of several years.
5 | The government has produced 63 pages of discovery.

## II.

### MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE

Pursuant to the Fourth, Fifth and Sixth Amendments to the United States Constitution, Rules 12 and 16 of the Federal Rules of Criminal Procedure, <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), 18 U.S.C. 3500 (the <u>Jenks</u> Act), Mr. Espinoza moves the Court for an order compelling further discovery, and for the preservation of evidence. This motion includes all discovery in the possession, custody or control of the government, and of which the government attorney may become aware through the exercise of due diligence.  <u>See</u> Fed. R. Crim. P. 16.  The following discovery is specifically requested.

(1) <u>The Defendant's Statements.</u>  All written or recorded statements, any written record containing the substance of any oral statements, any written summaries of his oral statements, and the handwritten notes of any government agents who took notes of such statements, and any response to <u>Miranda</u> warnings.  Fed. R. Crim. P. 16(a)(1)(A).

(2) <u>Arrest Reports, Notes and Surveillance.</u>  All arrest reports, notes, dispatch or any other tapes that relate to the circumstances surrounding the defendant's arrest and/or questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts, or other documents which contain statements of the defendant or any other discoverable material.  Fed. R. Crim. P.

16(a)(1)(A); <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). The government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant. Fed. R. Crim. P. 16(a)(1)(B) and (C); Fed. R. Crim. P. 26.2 and 12(i).

  (3) <u>The Defendant's Prior Record.</u>  The defendant requests disclosure of his prior record. Fed. R. Crim. P. 16(a)(1)(B).

  (4) <u>Evidence Seized.</u>  The defendant requests production of evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(C).

  (5) <u>Tangible Objects.</u>  The defendant requests the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case or were obtained from or belong to him. Fed. R. Crim. P. 16(a)(1)(C).

  (6) <u>Request for Preservation of Evidence.</u>  The defendant specifically requests the preservation of all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to, the results of any fingerprint analysis, the alleged controlled substance, vehicles, the defendant's personal effects, and any other evidence seized from the defendant or any other party.

  (7) <u>Reports Of Examinations And Tests.</u>  The defendant requests the opportunity to inspect and copy any reports of any

scientific tests which are material to the preparation of the defense or intended for use in the government's case. Fed. R. Crim. P. 16(a)(1)(D).

(8) <u>Expert Witnesses.</u>  The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case. Fed. R. Crim. P. 16(a)(1)(E). The defendant requests that the Court order disclosure of this discovery at least four weeks prior to trial in that the defendant may perform follow-up investigation, prepare <u>in limine</u> motions in a timely manner, and prepare for trial.

(9) <u>Brady Material.</u>  The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt, which affects the credibility of the government's case, or which may result in a lower sentence under the United States Sentencing Guidelines. Under <u>Brady</u>, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

(10) <u>Giglio Information.</u>  The defendant requests all statements and/or promises, express or implied, made to any government witnesses in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses. <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

(11) <u>Henthorn Material.</u>  The defendant requests that the government examine the personnel files of all government agents in this action for <u>Brady</u> material. <u>United States v. Herring</u>, 83 F.3d 1120 (9th Cir. 1996).

(12) <u>Informants and Cooperating Witnesses.</u>  The defendant

1  requests disclosure of the name(s), address(es), and location(s) of all
2  informants or cooperating witnesses used or to be used in this case,
3  and in particular, disclosure of any informant who was a percipient
4  witness in this case or otherwise participated in the crime charged
5  against the defendant. Roviaro v. United States, 353 U.S. 52, 61-62
6  (1957). The government must disclose any information derived from
7  informants which exculpates or tends to exculpate the defendant. Brady
8  v. Maryland, 373 U.S. 83 (1963). The government must disclose any
9  information indicating bias on the part of any informant or cooperating
10 witness. Id. The defendant submits further authority on this issue
11 infra.
12         (13)  Jencks Act Material. The defendant requests production
13 at least four weeks in advance of trial of all material, including
14 dispatch tapes, which the government must produce pursuant to 18 U.S.C.
15 § 3500. Advance production will avoid the possibility of delay at the
16 request of defendant to investigate the Jencks material.
17         (14)  Any Proposed 404(b) Evidence. The defendant requests
18 prior notice of any other acts that the government intends to introduce
19 in its case-in-chief, through impeachment, or in its rebuttal case.
20 Fed. R. Crim. P. 16(a)(1)(C); Fed. R. Evid. 404(b) and 609(b); United
21 States v. Vega, 188 F.3d 1150 (9th Cir. 1999). The defendant requests
22 that the Court order disclosure of this discovery at least four weeks
23 prior to trial in order to investigate it, to prepare in limine motions
24 in a timely manner, and to prepare adequately for trial.
25 ///
26 ///
27 ///
28

## III.

## MOTION FOR LEAVE TO FILE FURTHER MOTIONS

Discovery and investigation are ongoing in this case. Mr. Espinoza respectfully requests that he be allowed to file further motions as appropriate on the basis of further information.

## IV.

## CONCLUSION

For the reasons stated above, Mr. Espinoza respectfully requests that the Court grant his motions, and accord such other relief as seems just.

Respectfully submitted,

Dated: July 12, 2010         */S/ Wendy S. Gerboth*
                             Wendy S. Gerboth
                             Attorney for Mr. Espinoza